IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| YSIDRO ESPINOZA, JR., | Case No. 3:21-cv-00015-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| FIRST INSTALLATION SERVICE AND REPAIR, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

Before the Court are Ysidro Espinoza, Jr.'s ("Espinoza") application to proceed *in forma pauperis* and motion for appointment of *pro bono* counsel. The Court's examination of Espinoza's application to proceed *in forma pauperis* reveals that Espinoza is unable to afford the filing fee. The Court therefore grants Espinoza's application. For the reasons explained below, however, the Court denies Espinoza's motion for appointment of counsel.

A district court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *See Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). "A finding of the exceptional circumstances . . . requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman v. Corr. Corp. of Am.*,

PAGE 1 – OPINION AND ORDER

390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

At this stage of the case, Espinoza has not demonstrated a likelihood of success on the merits. Espinoza alleges that his former employer, First Installation Service and Repair ("First Installation"), unlawfully discharged him in violation of Title VII of the Civil Rights Act. (ECF No. 1-1, at 1.) Espinoza, however, alleges only that First Installation "let [him] go" and gave "no reason or notice why." (Compl. at 4.) He does not allege any facts to suggest that First Installation discriminated against him on account of his race, sex, national origin, color, or religion. *See Nkrumah v. City of Portland*, 323 P.3d 453, 457 (Or. Ct. App. 2014) ("Oregon generally follows the 'at-will' employment rule, meaning that [without] a contractual, statutory, or constitutional requirement to the contrary, an employee may be terminated without notice and for any reason."). Thus, although Espinoza has not necessarily demonstrated an ability to articulate his claims in light of the complexity of the legal issues involved, he is unlikely to succeed on the merits of his claim and therefore extraordinary circumstances do not warrant appointment of counsel at this time.

Accordingly, the Court denies Espinoza's motion for appointment of counsel. *See, e.g.*, *Camirand v. Jones*, No. 2:19-cv-01829-YY, 2020 WL 1277693, at *3 (D. Or. Mar. 17, 2020) ("Because Plaintiff has not established extraordinary circumstances warranting the appointment of counsel at this juncture, the Court DENIES Plaintiff's three Motions for Appointment of Counsel[.]").

///

///

///

## CONCLUSION

Based on the foregoing reasons, the Court GRANTS Espinoza's application to proceed *in forma pauperis* (ECF No. 2), and DENIES Espinoza's motion for appointment of counsel (ECF No. 3).

**IT IS SO ORDERED.**

DATED this 27th day of January, 2021.

*/s/ Stacie F. Beckerman*
_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge